ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GARRY KIRKLAND,

                Plaintiff,

-against-

ZACCHARIAH ROLLE,

                Defendant.

------------------------------------------------------------X

11 Civ. 5978 (RJH) (KNF)

**MEMORANDUM OPINION
AND ORDER**

100932

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/14/11

Richard J. Holwell, District Judge:

Plaintiff Garry Kirkland ("Kirkland") filed this *pro se* action in New York Supreme Court, Dutchess County on July 15, 2011, alleging that the Defendant Zacchariah Rolle ("Rolle") defamed him. On August 25, 2011, Rolle filed a Notice of Removal pursuant to 28 U.S.C. § 1446 removing the action to this Court. On September 7, 2011, Kirkland filed a *pro se* Opposition to Defendant's Notice of Removal.

### BACKGROUND

Kirkland was previously employed by Cablevision Systems New York City Corporation ("Cablevision"). (Notice of Removal ¶ 5.) Rolle was one of the employees who Kirkland supervised. (*Id.* ¶ 6.) On December 16, 2009, Kirkland filed a *pro se* employment discrimination action against Cablevision. *Kirkland v. Cablevision Systems*, No. 09 Civ. 10235 (S.D.N.Y. filed Dec. 16, 2009). Cablevision moved for summary judgment on October 20, 2010. (Notice of Removal ¶ 6.) In support of its motion, Cablevision submitted an email that Rolle had written in August 2008. (*Id.* ¶ 7.) An attachment to Rolle's email states that Kirkland "[s]hows a mind set of a con-man." (*Id.*) On the basis of that statement, Kirkland filed suit *pro*

*se* in New York Supreme Court on July 15, 2011, alleging defamation and libel as separate causes of action. (*Id.* Ex. A.) Rolle received a copy Kirkland's defamation complaint on July 25, 2011. (Notice of Removal ¶ 2.)

Rolle filed a Notice of Removal on August 25, 2011. His asserted basis for removal was the All Writs Act, 28 U.S.C. § 1651. (Notice of Removal ¶ 12.) Rolle argues that allowing the defamation action to continue in state court will discourage him from truthfully testifying in Kirkland's pending employment discrimination case, threatening the "orderly process of the litigation" in this Court. (*Id.*) Kirkland filed a *pro se* Opposition to Defendant's Notice of Removal on September 7, 2011. Kirkland argues that Rolle is precluded from testifying in the pending employment discrimination case, and even if Rolle did testify, the testimony would be unrelated to the merits of this action. (Opp'n Def's. Notice of Removal ¶¶ 4, 6, 11–13.) Kirkland also notes in a letter to the Court that there is no federal question jurisdiction over this action. (Pl's. Letter Sep. 7, 2011.)

## DISCUSSION

### I.     Legal Standard

28 U.S.C. § 1441(a) permits a defendant to remove an action to federal district court if the district court has original jurisdiction over the action. The right of removal is "entirely a creature of statute" and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). Principles of federalism dictate strict construction of the removal statute: "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270

(1934)). For that reason, federal courts "must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quotation marks omitted).

The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act does not grant jurisdiction to federal courts; rather, it permits federal courts to issue writs in aid of pre-existing, independent subject matter jurisdiction. *See id.*; *Syngenta*, 537 U.S. at 31–33 (holding All Writs Act does not confer jurisdiction on federal courts); *see also United States v. Denedo*, 556 U.S. __, 129 S. Ct. 2213, 2222 (2009) (citing *Syngenta*). The Supreme Court has specifically held that "[b]ecause the All Writs Act does not confer jurisdiction on the federal courts, it cannot confer the original jurisdiction required to support removal pursuant to § 1441." *Syngenta*, 537 U.S. at 33. The All Writs Act is not a vehicle for avoiding the statutory requirements of proper removal. *Id.* at 32–33; *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) ("[The All Writs Act] does not authorize [federal courts] to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate."). Thus, defendants removing actions to federal court under § 1441 must establish subject matter jurisdiction independent of the All Writs Act.

A removal action must be remanded to state court if the district court determines, at any time before final judgment, that it is without subject matter jurisdiction. 28 U.S.C. § 1447(c). Subject matter jursidiction "must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 483 F.3d at 121–22 (collecting cases reviewing removal

3

jurisdiction *sua sponte*). The removing defendant has the burden of establishing that removal was proper. *See United Food & Commercial Workers Union Local 919 v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

The Supreme Court has warned that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted). Courts are obligated to "protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). Thus, *pro se* submissions must be interpreted "to raise the strongest arguments that they suggest." *Id.* at 474 (emphasis in original).

## II. Application

Kirkland has filed an Opposition to Defendant's Notice of Removal *pro se*. The Court liberally construes this submission as a Motion to Remand pursuant to 28 U.S.C. § 1447. Although Kirkland does not explicitly challenge subject matter jurisdiction over this action, he does state that federal question jurisdiction is lacking. (Pl's. Letter Sep. 7, 2011.) Because Kirkland suggests that jurisdiction may be lacking, and because courts at any level have the authority to raise the issue of jurisdiction *sua sponte*, the Court examines subject matter jurisdiction below and finds that removal was not proper.

Rolle argues that the All Writs Act is a basis for subject matter jurisdiction over this case. (Notice of Removal ¶ 12.) Rolle's Notice of Removal relies on a series of cases within the Second Circuit authorizing removal pursuant to the All Writs Act under "extraordinary circumstance[s]" where the removed state action would frustrate implementation of a federal

4

court order. (*Id.* (citing *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863–64 (2d Cir. 1988)).) *See In re Agent Orange Prod. Liab. Litig.*, 996 F.2d 1425, 1431 (2d Cir. 1993) (following *Yonkers Racing Corp.*, 858 F.2d at 863–64).

The Supreme Court held in *Syngenta* that the All Writs Act does not confer jurisdiction on the federal courts. 537 U.S. at 33. *Syngenta* went on to criticize courts that have endorsed removal on the basis of the All Writs Act alone, or "All Writs removal." *Id.* The *Syngenta* opinion specifically cited *In re Agent Orange Product Liability Litigation*, 996 F.2d at 1431, as an example of a court of appeals inappropriately permitting All Writs removal. 537 U.S. at 31. Rolle relies on the reasoning of the *In re Agent Orange Product Liability Litigation* line of cases as authority for his All Writs Removal. (Notice of Removal ¶ 12.) Because the Supreme Court has explicitly disavowed this practice and the series of cases that Rolle cites as authority, removal on the basis of the All Writs Act was not proper.

Rolle has not identified any basis for subject matter jurisdiction independent of the All Writs Act. As the removing Defendant, Rolle has the burden of establishing that his removal was proper. *See United Food & Commercial Workers Union Local 919*, 30 F.3d at 301. Because Rolle has not established subject matter jurisdiction, and in accordance with this Court's duty to resolve all doubt in favor of remand, Kirkland's constructive Motion to Remand is granted. *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 488 F.3d at 124.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's constructive Motion to Remand this action for lack of subject matter jurisdiction. The action is hereby REMANDED to the Supreme Court of New York, Dutchess County.

SO ORDERED:

_____
Richard J. Holwell
United States District Judge

Dated: 10/17/11
New York, New York